**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| LEROY J.  LEWIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DARBY TOWNSHIP, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.                                                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court.  (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.              (X)


| | | |
|---|---|---|
| __August 25, 2014__ | __Jeffrey R.  Lessin, Esquire__ | __Plaintiff__ |
| **Date** | **Attorney-at-law** | **Attorney for** |
| **(215) 599-1400** | **(215) 599-0120** | **J.Lessin@lessinlaw.com** |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LEROY J. LEWIS and KESHATA LAWSON, h/w

**DEFENDANTS**
DARBY TOWNSHIP, P.O. RICHARD SINSULLA, CHIEF LEONARD McDEVITT, PO.'s JOHN DOE 1-3

**(b)** County of Residence of First Listed Plaintiff    Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeffrey R. Lessin, Esquire, 1515 Market Street, Ste. 714, Phila, PA 19102
215 599 1400

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | X 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 / X 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander   Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability   ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| Student Loans (Excl. Veterans) | ☐ 340 Marine   Injury Product | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | Liability   **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | | ☐ 862 Black Lung (923) | |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | Product Liability   ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 360 Other Personal   Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | Injury   ☐ 385 Property Damage | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| | ☐ 362 Personal Injury - Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 896 Arbitration |
| **REAL PROPERTY** | Med. Malpractice | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS**   **PRISONER PETITIONS** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | X 440 Other Civil Rights   ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 441 Voting   **Habeas Corpus:** | | | |
| ☐ 240 Torts to Land | ☐ 442 Employment   ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/   ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | Accommodations   ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| | ☐ 445 Amer. w/Disabilities -   ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | Employment   ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 446 Amer. w/Disabilities - Other   ☐ 560 Civil Detainee - Conditions of | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education   Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

X 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district *(specify)*    ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1983
Brief description of cause:
Civil Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ >100,000.00    CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    8/25/2014    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   115 Brandywine Drive, Coatesville, PA 19320

Address of Defendant:   2 Studevan Plaza, Sharon Hill, PA 19979

Place of Accident, Incident or Transaction:   1200 block of Calcon Drive, Sharon Hill, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No X

Does this case involve multidistrict litigation possibilities?     No.     Yes☐  No☐
*RELATED CASE, IF ANY:*
Case Number: _____N/A_____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐  No X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. X Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I,   JEFFREY R. LESSIN   , counsel of record do hereby certify:
X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE:   8-25-2014          Jeffrey R. Lessin, Esquire          43801
                              Attorney-at-Law                   Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.
DATE:   8-25-2014                                               43801
                              Attorney-at-Law                   Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEROY J. LEWIS and KESHATA LAWSON, | : |
| Husband and Wife | : |
| 115 Brandywine Drive | : |
| Coatesville, PA  19320 | : CIVIL ACTION |
| Plaintiffs, | : NO. |
| v. | : |
| DARBY TOWNSHIP | : |
| 2 Studevan Plaza | : |
| Sharon Hill, PA 19079, | : |
| and | : |
| POLICE OFFICER RICHARD SINSULLA, c/o | : |
| DARBY TOWNSHIP | : |
| 2 Studevan Plaza | : |
| Sharon Hill, PA 19079, | : |
| and | : |
| POLICE CHIEF LEONARD McDEVITT, c/o | : |
| DARBY TOWNSHIP | : |
| 2 Studevan Plaza | : |
| Sharon Hill, PA 19079, | : |
| and | : |
| POLICE OFFICER JOHN DOE #1, c/o | : |
| DARBY TOWNSHIP | : |
| 2 Studevan Plaza | : |
| Sharon Hill, PA 19079, | : |
| and | : |
| POLICE OFFICER JOHN DOE #2, c/o | : |
| DARBY TOWNSHIP | : |
| 2 Studevan Plaza | : |
| Sharon Hill, PA 19079, | : |
| and | : |
| POLICE OFFICER JOHN DOE #3, c/o | : |
| DARBY TOWNSHIP | : |
| 2 Studevan Plaza | : |
| Sharon Hill, PA 19079, | : |
| Defendants. | : |

## <u>COMPLAINT</u>

Plaintiffs, **LEROY J. LEWIS and KESHATA LAWSON, husband and wife**, by and

through their undersigned counsel,  Jeffrey R. Lessin & Associates, & P.C., file this

Complaint and sue Defendants, **DARBY TOWNSHIP, POLICE OFFICER RICHARD SINSULLA, POLICE CHIEF LEONARD McDEVITT, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2,** and **POLICE OFFICER JOHN DOE #3**, individually, and in their capacities as Police Officers, and alleges as follows:

## INTRODUCTION

1.      This is an action at law for damages sustained by citizens of the United States against individuals, police officers of **DARBY TOWNSHIP** Police Department and **DARBY TOWNSHIP** itself, respectively.

2.      The bases for this action are the acts of the Defendants in using unreasonable and brutal force in arresting **Plaintiff, LEROY J. LEWIS** (hereinafter referenced as "**Plaintiff**").

3.      By this complaint, **Plaintiff** seeks judicial redress for violation of his civil rights.

4.      **Plaintiff** brings this claim pursuant to 42 U.S.C. §1983, seeking monetary relief for violation of the Fourth Amendment to the Constitution of the United States, made applicable to the states through the Fourteenth Amendment to the Constitution of the United States. Plaintiff, and his spouse **KESHATA LAWSON**, also seek damages under Pennsylvania tort law.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is invoked under 28 U.S.C. §§1331, 1343 and 1367, this being an action authorized by law to redress the deprivation under color of Pennsylvania law, statute, ordinance, regulation, custom and usage of a right, privilege and

2

immunity secured to **Plaintiff** by the Fourth Amendment to the Constitution of the United States, made applicable to the states through the Fourteenth Amendment to the Constitution of the United States.

6.      The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ten thousand dollars ($10,000.00).

7.      Venue is properly placed in the Unites States District Court of the Eastern District of Pennsylvania as it is where all parties reside, or have offices and business addresses, and where the illegal events complained of all occurred.

## PARTIES

8.      **Plaintiff, LEROY J. LEWIS,** and his wife, **KESHATA LAWSON,** are adult individuals, citizens of the United States and reside in the City of Coates, in Pennsylvania. At the time of the incidents raised in this complaint, they resided at 1205 Calcon Drive, Sharon Hill, PA 19079.

9.      Defendants, **POLICE OFFICER RICHARD SINSULLA, POLICE CHIEF LEONARD McDEVITT, POLICE OFFICER JOHN DOE #1,  POLICE OFFICER JOHN DOE #2,** and **POLICE OFFICER JOHN DOE #3,** are adult individuals, duly appointed and at all times relevant hereto acting as an officer of the law in the in the Philadelphia County Police Department.   They are being sued in their individual capacity for money damages.

10.      Defendant, **DARBY TOWNSHIP** is a municipal corporation and/or political subdivision of the Commonwealth of Pennsylvania and/or a department or division thereof, and was the employer of Defendants, **POLICE OFFICER RICHARD SINSULLA, POLICE CHIEF LEONARD McDEVITT, POLICE OFFICER JOHN DOE #1,  POLICE OFFICER**

3

**JOHN DOE #2,** and **POLICE OFFICER JOHN DOE #3**.   All actions and/or omissions were performed by the individual police officers listed, and other police officers, were in the name of **DARBY TOWNSHIP**, and were thus under the color of state law.

11.     At all times pertinent hereto, Defendants, **POLICE OFFICER RICHARD SINSULLA, POLICE CHIEF LEONARD McDEVITT, POLICE OFFICER JOHN DOE #1**, **POLICE OFFICER JOHN DOE #2,** and **POLICE OFFICER JOHN DOE #3**, each of them acting separately and in concert, through conduct sanctioned under color of state law, statute, municipal ordinances, regulations, policies, practices, customs and/or usages engaged in conduct resulting in injury and damage to **Plaintiff**, depriving him of the rights, privileges and immunities secured by the Fourth Amendment to the Constitution of the United States, made applicable to the states by the Fourteenth Amendment to the Constitution of the United States and the laws of the United States and Commonwealth of Pennsylvania.

12.     **DARBY TOWNSHIP**, by and through the individual members of the **POLICE DEPARTMENT** of **DARBY TOWNSHIP**, who are its agents and employees, together with the identified individual Defendants and persons presently unknown to **Plaintiff**, acting under color of law, statute, City or township ordinance, regulations, policies, practices, customs and/or usages have subjected **Plaintiff** and other persons to a pattern of conduct consisting of intimidation, abuse, assault and battery, defamation of character and cover-up of illegal activities, resulting in the denial of the rights privileges and immunities guaranteed to **Plaintiff** and to other citizens by the Constitution of the United States and the laws of the Commonwealth of Pennsylvania.

4

13.     This systematic pattern of conduct consisted of a large number of individual acts of violence, intimidation, abuse, assault and battery, defamation of characterand cover-up of illegal activities and/or humiliation visited upon **Plaintiff** and other citizens by members of the **POLICE DEPARTMENT** of **DARBY TOWNSHIP**, acting in concert with persons unknown to **Plaintiff** under color of law, together with the acts specified in this Complaint.  These acts of violence, intimidation, abuse, assault and battery, defamation of character, and cover-up of illegal activities and/or humiliation which occurred under color of law, have no justification or excuse in law and are illegal, improper and unrelated to any activity in which a police officer may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

14.     Despite the fact that **DARBY TOWNSHIP** officials knew or should have known of the fact that this pattern of conduct was being carried out by their agents and/or employees, the **CITY**, through its officials, particularly the police commissioner, have taken no effort to order a halt to this course of conduct, to make redress to **Plaintiff** or other citizens injured thereby, or to take any disciplinary action whatever against any of its employees and/or agents, thus having the effect of encouraging their employees and/or agents to continue in this illegal pattern of conduct.

## FACTUAL ALLEGATIONS

15.     On or about Saturday, January 11, 2014, at approximately12:00 a.m., **Plaintiff** sitting in his parked motor vehicle, listening to music, in the vicinity of the 1200 block of Calcon Drive, Sharon Hill PA, adjacent to his home.

16.     As he sitting in his parked motor vehicle, **Plaintiff** was surrounded by

unidentified **DARBY TOWNSHIP** police officers, pulled from his car and handcuffed. **Plaintiff** did not run, or attempt to evade the police, but complied and did as he was directed, even though he had committed no crime.

17.    The police officers who accosted and handcuffed **Plaintiff** told him that there had been shots fired in the neighborhood, and asked **Plaintiff** if he possessed a firearm.

18.    **Plaintiff** told those police officers that he did possess a firearm, and that he had a valid license to carry the said firearm.

19.    The firearm was not on **Plaintiff**'s person, but was stored, unloaded, in his motor vehicle.

20.    The police searched **Plaintiff**'s motor vehicle for his firearm, but could not find it.

21.    **Plaintiff** then showed the police the said firearm, and one of them actually laughed at **Plaintiff** for keeping it unloaded.

23.    One of the said **DARBY TOWNSHIP** police officers commented on the firearm, indicating that he liked the firearm.

24.    **Plaintiff** was not arrested, but was uncuffed and told to go inside his house, and that the police would return his firearm when they were done canvassing the neighborhood.

25.    **Plaintiff** obeyed the police and went inside his house, but the police did not come back to his house to return his firearm.

26.    Because the police did not return his firearm, **Plaintiff** went to the **DARBY TOWNSHIP** police station to inquire about it on Sunday, January 12, 2014.

6

27.     When **Plaintiff** arrived at the police station on Sunday, January 12, 2014, he found that it was closed, so he called 9-1-1 to see how he could contact police.

28.     Following **Plaintiff**'s phone call to 9-1-1, a police officer in a marked police cruiser drove up to the police station and told by the police officer that there was nothing that could be done on Sunday, and that Plaintiff should return to the **DARBY TOWNSHIP** police station on Monday, January 13, 2014.

29.     As directed, **Plaintiff** returned to the **DARBY TOWNSHIP** police station on Monday, January 13, 2014, at approximately 3:00 p.m..

30.     At the **DARBY TOWNSHIP** police station, **Plaintiff** inquired about getting his firearm back.

31.     At the **DARBY TOWNSHIP** police station, **Plaintiff** spoke to a police officer from the lobby through a glass and showed that officer his Pennsylvania driver's license, license to carry a firearm and two work identification cards.

32.     That police officer went back into the office, came back, and said he spoke to the chief, who told the police officer was that **Plaintiff** was could not have the firearm back because it was being "investigated" due to a belief that it had been fired at some point in the past.

33.     **Plaintiff** was upset at being told this, and called his wife from his cell phone, and spoke with her in the police station lobby.

34.     When **Plaintiff** was insistent in his request for information about his firearm, the police chief, Defendant **POLICE CHIEF LEONARD McDEVITT** came to the window and told **Plaintiff** to "leave the fucking station".

7

35.     When **Plaintiff** did not immediately leave the station,  Defendant **POLICE OFFICER RICHARD SINSULLA** came out to the lobby of the police station, grabbed **Plaintiff** from behind and pushed him from the lobby into the interior of the police station.

36.     Once in the interior of the police station, **Plaintiff** was placed in handcuffs in a hallway.

37.     After being hand cuffed, Plaintiff was pushed into a room, where there were no video surveillance cameras, and was brutally beaten by the individual Defendants, including, but not limited to Defendants **POLICE CHIEF LEONARD McDEVITT**, **POLICE OFFICER RICHARD SINSULLA,** and at least three other officers, named here as **POLICE OFFICER JOHN DOE #1,   POLICE OFFICER JOHN DOE #2,** and  **POLICE OFFICER JOHN DOE #3**.

38.     **Plaintiff** was arrested by the individual Defendants, and other police officers who remain to be identified.[1]

39.     The officers at the scene struck **Plaintiff** about the head and body for no legitimate reason.

40.     **Plaintiff** had done nothing to provoke such an attack, false arrest, and/or malicious prosecution by Defendants, nor the prosecution of false charges against him.

41.     At the insistence, provision, recommendation and instigation of said Defendants, and/or other **DARBY TOWNSHIP** police officers who remain to be identified,, and as a result of their misconduct, the above-referenced Defendants did, or may have

---

[1]Plaintiff was taken into custody and jailed on January 13, 2014, but the **DARBY TOWNSHIP** paperwork incident to the arrest and prosecution states that the arrest took place on January 14, 2014.

falsified police records and/or perjured themselves in furtherance of the scheme to violate **Plaintiff**'s civil rights, and cover up their gross and egregious misconduct.

42.     As a result of the aforesaid occurrence, **Plaintiff** has been compelled, in order to address his injuries, to spend sums of money.

43.     As a result of the aforesaid occurrence, **Plaintiff** has been prevented from attending to his usual and daily activities and duties, including employment, and may be so prevented for an indefinite time in the future, all to his great financial detriment and loss.

44.     As a result of the aforesaid occurrence, **Plaintiff** has suffered physical pain, mental anguish embarrassment, humiliation, psychological pain and damage to his personal and business reputation, and he may continue to suffer same for an indefinite period of time in the future.

### COUNT I
### PLAINTIFF LEROY J. LEWIS v. INDIVIDUAL DEFENDANTS
### FEDERAL CIVIL RIGHTS VIOLATIONS (4th AMENDMENT-
### UNREASONABLE USE OF FORCE)

45.     **Plaintiff**  incorporates herein by reference all of the allegations contained in paragraphs 1 through 44 herein, inclusive, as fully as though the same were set forth herein at length.

46.     Defendants **POLICE CHIEF LEONARD McDEVITT, POLICE OFFICER RICHARD SINSULLA, POLICE OFFICER JOHN DOE #1,   POLICE OFFICER JOHN DOE #2, and  POLICE OFFICER JOHN DOE #3** and/or other police officers who remain to be identified, used excessive force and unconstitutional and unreasonable force in intentionally striking **Plaintiff** in the head and body, thereby violating **Plaintiff**'s rights under

9

the Constitution of the United States, in particular, the Fourth Amendment, as made applicable to the states under the Fourteenth Amendment.

47.    Defendants **POLICE CHIEF LEONARD McDEVITT, POLICE OFFICER RICHARD SINSULLA, POLICE OFFICER JOHN DOE #1,  POLICE OFFICER JOHN DOE #2,** and **POLICE OFFICER JOHN DOE #3 ,** acted in concert and conspiracy with all other Defendants in violating **Plaintiff**'s constitutional rights as specified herein.

48.    Defendants **POLICE CHIEF LEONARD McDEVITT, POLICE OFFICER RICHARD SINSULLA, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2,** and **POLICE OFFICER JOHN DOE #3 ,** and/or other police officers who remain to be identified, acted in willful disregard for the safety of **Plaintiff** in a manner that shocks the conscience.

49.    **Plaintiff** was a foreseeable Plaintiff and/or victim of said Defendant's outrageous conduct.

50.    As a direct and proximate result of the aforesaid acts of Defendants **POLICE CHIEF LEONARD McDEVITT, POLICE OFFICER RICHARD SINSULLA, POLICE OFFICER JOHN DOE #1,  POLICE OFFICER JOHN DOE #2,** and  **POLICE OFFICER JOHN DOE #3,** and/or other police officers who remain to be identified, the John Does Defendants herein, committed under color of state law, **Plaintiff** suffered the harm and damage averred herein.

**WHEREFORE**, Plaintiff, **LEROY J. LEWIS,** demands compensatory damages against the individual Defendants, solely, jointly and severally, in an amount in excess of One Hundred Thousand ($100,000.00) and further demands punitive damages against the

said Defendant, solely, jointly and/or severally, in an amount in excess of ($100,000.00).

A demand is also made for costs, expenses, reasonable attorney fees and such other relief

as the Court deems just, proper and equitable.  Plaintiff demands a trial by jury.

**COUNT II**
**PLAINTIFF LEROY J. LEWIS v. DEFENDANT DARBY TOWNSHIP**
**FEDERAL CIVIL RIGHTS VIOLATIONS ("Monell"Claim")**

51.    **Plaintiff**  incorporates herein by reference all of the allegations contained

in paragraphs 1 through 50 herein, inclusive, as fully as though the same were set forth

herein at length.

52.    This cause of action is brought by **Plaintiff** against **DARBY TOWNSHIP** for

deprivation by its police officers of his constitutional rights within the meaning of 42 U.S.C.

§1983.

53.    Defendants **POLICE CHIEF LEONARD McDEVITT, POLICE OFFICER**

**RICHARD SINSULLA, POLICE OFFICER JOHN DOE #1,   POLICE OFFICER JOHN**

**DOE #2,** and  **POLICE OFFICER JOHN DOE #3**, Individually, and in their capacity as a

Police Officers, acting under color of law as authorized agents, servants, workmen and/or

employees of **DARBY TOWNSHIP** , while in the acts aforesaid, resulted in a constitutional

deprivation of **Plaintiff**'s constitutional rights in violation of the Fourth Amendment of the

United States Constitution, and the due process clause of the Fourteenth Amendment of

the United States Constitution.

54.    **DARBY TOWNSHIP** violated **Plaintiff**'s due process  rights by failing to train

its officers,  Defendants **POLICE  CHIEF  LEONARD  McDEVITT,  POLICE  OFFICER**

**RICHARD SINSULLA, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE**

11

**#2,** and **POLICE OFFICER JOHN DOE #3**, and/or other police officers who remain to be identified, the John Does Defendants herein, Individually, and in their capacity as a Police Officers, in the proper methods for dealing constitutionally with alleged suspected criminal defendants and non-perpetrator citizens and for investigating, reporting and prosecuting crimes, and for filing truthful charges.

55.   **DARBY TOWNSHIP**, through its policy makers, managers, agents, servants, workmen and/or employees have a history of threatening, and physically attacking innocent citizens while on duty and/or in uniform and/or wearing plain clothes, of refusing to honestly report, investigate, charge or recommend charges against agents, servants, workmen and/or employees of **DARBY TOWNSHIP**, who attack, assault, threaten, perjure, or otherwise commit crimes and/or misdemeanors against innocent citizens similarly situated as **Plaintiff** and depriving them of their constitutional rights within the meaning of 42 U.S.C. §1983.

56.   The constitutional deprivation was caused by the lack of training, supervision review and discipline by **DARBY TOWNSHIP**, with regard to its officers, and police officers in general and Defendants **POLICE CHIEF LEONARD McDEVITT**, **POLICE OFFICER RICHARD SINSULLA, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2,** and **POLICE OFFICER JOHN DOE #3** and/or other police officers who remain to be identified, the John Does Defendants herein, in particular, by failing in their ability to appropriately interact with citizens without causing the deprivation of constitutional rights.

57.   Prior to the date of the incident involving **Plaintiff**, **DARBY TOWNSHIP** permitted, tolerated and overlooked, ratified and/or approved the constitutional violations

12

of citizens by officers of its police department, particularly, but not limited to, Defendants **POLICE CHIEF LEONARD McDEVITT**, **POLICE OFFICER RICHARD SINSULLA**, **POLICE OFFICER JOHN DOE #1**, **POLICE OFFICER JOHN DOE #2,** and **POLICE OFFICER JOHN DOE #3** and/or other police officers who remain to be identified, the John Does Defendants herein, and other officers similarly situated, who were not properly trained and supervised to appropriately interact with citizens without causing the deprivation of constitutional rights.

58.    **DARBY TOWNSHIP** is responsible for the promulgation, adoption, and implementation of official policies for its officers and police officers in general and Defendants **POLICE CHIEF LEONARD McDEVITT**, **POLICE OFFICER RICHARD SINSULLA, POLICE OFFICER JOHN DOE #1**, **POLICE OFFICER JOHN DOE #2,** and **POLICE OFFICER JOHN DOE #3** and/or other police officers who remain to be identified, the John Does Defendants herein, in particular, to appropriately interact with citizens without causing the deprivation of constitutional rights.

59.    As a direct and proximate result of the above-mentioned unconstitutional acts of **DARBY TOWNSHIP**, acting through its policy-making agents, servants, workmen and/or employees, Defendants **POLICE CHIEF LEONARD McDEVITT**, **POLICE OFFICER RICHARD SINSULLA, POLICE OFFICER JOHN DOE #1**, **POLICE OFFICER JOHN DOE #2,** and **POLICE OFFICER JOHN DOE #3** and/or other police officers who remain to be identified, the John Does Defendants herein, **Plaintiff** has sustained compensable damages and severe physical and mental injuries, financial damages and deprivation of civil rights as indicated herein.

13

60.     Defendant **DARBY TOWNSHIP** has encouraged, tolerated, ratified, and has been deliberately indifferent to the following patterns, practices and customs, and for the need for more or different training, supervision, investigation or discipline in the following areas of:

> a.     unlawful, unreasonable  and excessive use of force by its police officers;
>
> b.     the improper exercise of police powers, including, but not limited to the unreasonable use of force, the excessive use of force, the need to present non-perjured testimony in a criminal prosecution, and violation of citizens' civil rights;
>
> c.     the monitoring of officers, including, but not limited to officers it knew or should have known may have been suffering from emotional or psychological problems that impaired their ability to function as officers;
>
> d.     the failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;
>
> e.     police officers' use of their status as police officers to employ the use of excessive force to achieve ends not reasonably related to their police duties;
>
> f.     the failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force under such circumstances as presented herein.

14

**WHEREFORE, PLAINTIFF LEROY J. LEWIS** demands compensatory damages against the Defendant **CITY**, solely, jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00).   A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable. **Plaintiff** demands a trial by jury.

**COUNT III**
**PLAINTIFF LEROY J. LEWIS v.  INDIVIDUAL POLICE DEFENDANTS**
**SUPPLEMENTAL STATE CLAIMS**

61.     **Plaintiff** incorporates herein by reference all of the allegations contained in paragraphs 1 through 60, inclusive, as fully as though the same were set forth herein at length.

62.     The acts and conduct of the Defendants **POLICE CHIEF LEONARD McDEVITT, POLICE OFFICER RICHARD SINSULLA, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2,** and  **POLICE OFFICER JOHN DOE #3** and/or other police officers who remain to be identified, the John Does Defendants herein, this case constitute assault, battery, and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, along with further acting in concert and conspiracy to commit and/or cover up said acts, and this Honorable Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff, **LEROY J. LEWIS,** demands compensatory damages against the individual Defendants, solely, jointly and severally, in an amount in excess of One Hundred Thousand ($100,000.00) and further demands punitive damages against the said Defendant, solely, jointly and/or severally, in an amount in excess of ($100,000.00).

15

A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable.  Plaintiff demands a trial by jury.

**COUNT IV**
**PLAINTIFF KESHATA LAWSON v.  INDIVIDUAL POLICE DEFENDANTS**
**SUPPLEMENTAL STATE CLAIMS**

63.     **Plaintiff KESHATA LAWSON** incorporates herein by reference all of the allegations contained in paragraphs 1 through 62, inclusive, as fully as though the same were set forth herein at length.

66.     As a result of the injuries suffered by her husband, **Plaintiff KESHATA LAWSON** has suffered and will in the future suffer the loss of usual services and consortium of her husband, and has been and will be required to provide special services and care for him.

**WHEREFORE,   Plaintiff KESHATA LAWSON**, demands judgment against Defendants, solely, jointly, and/or severally, in an amount not in excess of FIFTY THOUSAND ($50,000.00) DOLLARS plus costs

Respectfully Submitted,

JEFFREY R. LESSIN & ASSOCIATES, P.C.

BY:     _____

JEFFREY R. LESSIN, ESQUIRE
MARK T. RICHTER, ESQUIRE
I.D. Nos. 43801 and 45195
**Attorneys for Plaintiffs**

JEFFREY R. LESSIN & ASSOCIATES, P.C.
1515 Market Street, Suite 714
Philadelphia, PA 19102
215-599-1400

16